■ PAULINE LINDROTH, as Committee of the Person and Property of ROBERT LINDROTH, an Incompetent, Appellant, v. CENTRAL HUDSON GAS & ELECTRIC

CORP., Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Ulster County, dismissing appellant's complaint following a jury verdict of no cause of action. Robert Lindroth was severely injured when a panel truck in which he was a passenger struck a utility pole owned by the respondent and located adjacent to Wilbur Avenue near its intersection with South Wall Street in the City of Kingston. The driver who was killed and Robert Lindroth who was made incompetent as the result of the accident could not testify and there were no eyewitnesses to the accident, but appellant produced expert testimony that attempted to establish that respondent was negligent in the maintenance of the pole and that this alleged negligence was a concurrent proximate cause of the accident. Respondent denied liability and contended that the accident was due solely to the operator's negligence and, additionally, that responsibility for road design and traffic control devices rested with the City of Kingston. The trial court after charging the issue of proximate cause charged the jury that, "Now, I further charge you, ladies and gentlemen of the jury, that the defendant in this case, a public utility, has a separate and distinct duty from that of the City of Kingston to use ordinary care in the location, placement and maintenance of its utility poles which it owns and controls so as to prevent a dangerous condition in close proximity to a public highway, and the failure of the City to instruct this defendant to remove such a pole is immaterial and does not constitute a defense to this defendant, nor relieve them of the responsibility for removing it if the circumstances dictate such removal in the interest of safety". And at respondent's request and without an exception by appellant that, "the responsibility for road design and traffic control devices rests with the municipality which, in this case, is the City of Kingston". The jury thus had at least three possible findings available to it, (1) that the operator's conceded negligence was the sole proximate cause of the accident, (2) that respondent had been negligent and such negligence was also a proximate cause of the accident and, (3) that if there were a concurrent cause of the accident it was solely the city's negligence stemming from its responsibility for road design and traffic control devices. All three alternatives are supported in the record but, of course, only if the jury found the second of the above would the respondent be responsible. By its verdict it did not do so, and since we can find advanced no acceptable reason to disturb its decision, it must stand. Nor do we find any merit in the additional contention raised by appellant. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.